IN THE UNITED STATES DISTRICT COURT
STATE OF SOUTH CAROLINA
COLUMBIA DIVISION

Civil Action No.:            3:13-3557-TLW

| | |
|---|---|
| Cricket Store 17, L.L.C. d/b/a Taboo, | ) ) ) ) |
| Plaintiff, | ) ) |
| versus | ) ) ) |
| | **COMPLAINT** |
| City of Columbia, | ) ) (JURY TRIAL DEMANDED) ) ) |
| Defendant. | ) |

1.      The plaintiff, Cricket Store 17 L.L.C., is a two member limited liability company organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in the County of Richland, conducting business under the trade name, Taboo, located at 4716 Devine Street, Columbia, S. C. 29209.

2.      The defendant is a municipal corporation organized and existing pursuant to the laws of the State of South Carolina and located wholly within Richland County.

3.      The allegations herein arise under a claim for violation of Constitutional civil rights and a deprivation of these civil rights under color of law and therefore raise substantial federal questions under the United States Constitution, Amendments I, V, and XIV, and is a civil action brought as provided by Title 42, §§ 1983 (violation of civil rights under color of law) and 1988 (attorney's fees).

4.      The Honorable Court has jurisdiction of the parties hereto and the subject matter of this lawsuit.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over these matters based upon Amendments I, V, and XIV of the United States Constitution, and upon the authority granted to this Court under Title 42 §§ 1983, (civil action for deprivation of rights), 42 § 1988 (applications for attorney's fees), and Title 28, § 1331 (federal question), U.S.C.A.

6.  Venue is proper in this Court, Columbia Division, under Title 28, § 1391 as the defendant and its employees and agents are residents of Richland County, South Carolina, and all of the acts referred to herein occurred in Richland County, South Carolina within the City of Columbia.

## FACTS

7.  On or about December 5, 2011, the City of Columbia issued to the plaintiff a business license to operate a sexually oriented business at 4716 Devine Street, within the City of Columbia. In reliance upon the issuance of this license, the plaintiff entered into a long term lease of real estate that is commonly referred to as 4716 Devine Street in the City of Columbia. This commercial property is situated on a 6-lane U. S. Highway (Highways 76 and 378) running north and south, separated by a large painted median.

8.  The property that is the subject of this action is located within the City of Columbia, and has been utilized for commercial purposes for many years prior to the plaintiff's leasing the property. The former tenants operated a fast food restaurant.

9.  The property that is the subject of this action, 4716 Devine Street, is located in the commercial zoning district for the City of Columbia, and the plaintiff's business is the first and only business within the City of Columbia that disseminates a lawful adult message, and at the time the City of Columbia issued its business license, the plaintiff met all requirements for a sexually oriented business.

10. Prior to issuing the plaintiff's business license to operate a lawful adult business, the City of Columbia through various City Agencies, began a series of building inspections with the intent to thwart or prevent the plaintiff's operation of his business. These inspections included such pretext allegations of defects as:

    A. Allegation of defect with hot water heater;

    B. Allegation of structural unsoundness;

    C. Initially denying sign permit.

After the City of Columbia failed to thwart the plaintiff's opening, the City, speaking through its elected officials almost immediately announced to the public through statements to the press and others that it would take whatever steps were necessary to prevent the plaintiff from disseminating a lawful adult message.

11. Since the City of Columbia issued the plaintiff's business license on December 5, 2011, the City of Columbia has engaged in a series of shifting, arbitrary, and dilatory tactics to prevent vesting of the business license because the City objects to plaintiff's use of the property to sell lawful adult material even though such material is protected by the First Amendment. The City employed unbridled discretion to adopt a series of shifting, subjective standards designed to prevent the plaintiff from operating his businesses, and when those efforts failed to destroy the plaintiff's business, the City then amended its zoning ordinances on December 29, 2011, and then again on November 13, 2012, which amendments were specifically tailored to restrict the plaintiff's right to disseminate a lawful adult message, and to shut down the plaintiff's business, thereby committing a *per se* constitutional violation because the City of Columbia is the largest city in the State of South Carolina with a population in excess of 129,000, and there does not

exist and never has existed within the City of Columbia a single outlet for the dissemination of lawful adult speech other than the plaintiff's location at 4716 Devine Street.

12.     In conformity with its newly adopted ordinance, § 2011-05 (ordinance amending spatial separation from 500 feet to 700 feet and restricting the plaintiff's hours of operation) and § 2011-105 (ordinance requiring 2-year amortization of legal non-conforming uses), Columbia City Code, the City convened an administrative hearing on November 21, 2013, to grant to the plaintiff an opportunity to submit a "hardship" application to the City. This procedure is supposed to operate as an administrative remedy to the City's actions in refusing to re-issue a business license. As was a surprise to no one since the outcome was pre-determined, the City found that the plaintiff demonstrated no financial hardship as a result of the City's ordinance shutting down the plaintiff's business. The administrative hearing failed to provide any of the usual guarantees of procedural due process since the City acted as prosecutor and judge and gave its amended ordinance a retroactive application in violation of Article I, Section 9[3] of the Constitution. (The City held that its 2-year amortization period began running from the plaintiff's opening day even though the plaintiff was a conforming use.) The putative administrative procedure provides for no neutral and detached judicial officer or for means of judicial review. As a result, the City is now requiring the plaintiff to cease operations on December 31st by operation of an *ex post facto* law and without providing the plaintiff with judicial review, which constitutes an unlawful suppression and prior restraint of lawful speech and constitutes an irreparable harm to the plaintiff. The City is using its municipal powers to exercise a prior restraint on constitutionally protected speech.

### FOR A FIRST CAUSE OF ACTION
### (Violation of First Amendment—Prior Restraint—Violation of Civil Rights)

13.     The plaintiff repeats the above allegations as if set forth here verbatim.

14. The plaintiff operates a lawful take home only retail adult business at 4716 Devine Street, in the City of Columbia, which is the first and only adult business located in the City of Columbia that disseminates a lawful adult message.

15. The United States Constitution protects lawful adult speech whether it is expressed in print or images.

16. To facilitate its prior restraint on the plaintiff's right to free expression, the City of Columbia adopted shifting, subjective, and irrational pre-conditions to justify the City's refusal to renew the plaintiff's business license including, but not limited to the following:

    A. adopting an amended zoning ordinance on December 29, 2011, to impose conditions on the plaintiff to thwart the operation of his business;

    B. adopting an amended zoning ordinance on November 13, 2012, to impose conditions on the plaintiff to thwart the operation of his business;

    C. Subjecting the plaintiff to shifting, contradictory, and *ad hoc* requirements because he proposes to operate a business disseminating lawful adult material;

    All of which, combining and concurring, have thwarted the plaintiff's reasonable investment backed expectations in his lease and frustrated the plaintiff's right to free expression in violation of the First, Fifth and Fourteenth Amendments to the United States Constitution.

17. As a direct and proximate result of the City of Columbia's violation of the plaintiff's fundamental, constitutional rights and exercise of a prior restraint upon the plaintiff's efforts to open and continue a business, the City forced the plaintiff to pay rent and pay for up fitting expenses without any expectation that the City of Columbia will renew the plaintiff a business license in a timely manner.

18.	The City of Columbia has undertaken these actions because it harbors a personal animus for the plaintiff who operates a lawful adult business, and the City of Columbia, despite being the largest city in the state of South Carolina, has never allowed the operation of a business disseminating a lawful adult message.

19.	The plaintiff is informed and believes that he is entitled to a preliminary and permanent injunction against the City of Columbia and a judgment against the City for such amounts of both actual and consequential damages as a jury shall determine, and for an injunction, both temporary and permanent, enjoining the City from unlawful interference in the operation of the plaintiff's businesses and for a declaration that the City's municipal ordinance scheme restricting the dissemination of a lawful adult message is constitutionally invalid on its face and as applied to the plaintiff.

## FOR A SECOND CAUSE OF ACTION
### (Denial of Equal Protection)

20.	The plaintiff repeats the above allegations as if set forth here verbatim.

21.	The United States Constitution, Amendment XIV, prohibits governmental discrimination of its citizens and permits challenges of denial of equal protection on an individual basis on the so called "class of one." The Vth Amendment to the United States Constitution permits challenges to governments for violations of due process and for challenges to government action that is wholly arbitrary, irrational or capricious. The Ist Amendment prohibits government suppression of lawful speech. Title 42 § 1983 provides a judicial remedy for deprivation of civil rights under color of law.

22.	The City of Columbia singled out the plaintiff for subjective, shifting, and irrational standards for the issuance of a business license because it disseminates a lawful adult message.

The City objects to the plaintiff's use of the premises to disseminate lawful adult speech and is now refusing to renew the plaintiff's business license.

23. The City of Columbia fails to provide for any opportunity for the dissemination of lawful adult speech and has specifically targeted the plaintiff for elimination by adopting a course of governmental conduct designed to make his investment backed expectations fail.

24. The efforts of the City of Columbia unfairly discriminate against the dissemination of constitutionally protected speech.

25. The disparate treatment of its citizens is a denial of equal protection of the laws as forbidden by the XIV Amendment to the United States Constitution and is a prior restraint of lawful adult speech as protected by I Amendment.

## FOR A THIRD CAUSE OF ACTION
### (Procedural Due Process)

26. The plaintiff repeats the above paragraphs as if set forth here verbatim.

27. The actions taken by the City of Columbia through its employees and sub-agencies and as administered through the City's Planning and Zoning Department and Business License Department and its sub-agencies violate the procedural due process rights guaranteed by the United States Constitution (and the comparable provisions of the South Carolina Constitution, and the South Carolina Code) to wit:

  A. Refusing to act on the plaintiff's business license application in a timely manner;

  B. Refusing to renew a business license;

  C. Requiring the plaintiff to meet shifting and arbitrary conditions;

  D. Refusing to consider that the plaintiff provides the first and only avenue of expressive speech in a city with a population of over 129,000;

E. Targeting the plaintiff for the dissemination of protected speech;

F. Delaying acting on the plaintiff's application until the City could enact a series of Ordinances specifically tailored to the plaintiff's operation and with the purpose of barring the lawful dissemination of protected speech;

G. Subjecting the plaintiff's application for renewal to the unbridled discretion of City officials;

H. Convening a City run administrative hearing to evaluate the plaintiff's "hardship" application without providing any meaningful procedural safeguards such as providing a neutral and detached magistrate, adequate notice and opportunity to prepare and the complete lack of any judicial review of the City's decision;

I. Failed to provide to the plaintiff copies of information submitted to the City of Columbia Hearing Officer;

J. Applying an *ex post facto* law to the plaintiff's operation.

All of which, combining and concurring are violations of the Constitution of the United States of America.

### FOR A FOURTH CAUSE OF ACTION
### (Substantive Due Process)

28. The plaintiff repeats the above paragraphs as if set forth here verbatim.

29. The City of Columbia's unbridled discretion in refusing to act on the plaintiff's submission for renewal is based on nothing more than the City's animus for a lawful adult message and leaves the plaintiff with no alternative location for the dissemination of protected speech or to provide for timely judicial review of the City's administrative decision.

30. The City of Columbia has failed to provide substantive due process in the following particulars:

    A. The City has refused to process the plaintiff's application for renewal;

    B. The City does not provide for prompt judicial review;

    C. The City is applying an *ex post facto* law to the plaintiff;

    D. The City's actions are arbitrary and designed with no purpose other than to suppress the dissemination of lawful adult speech;

    E. The City does not follow a proscribed process for submission and decision on an application for business license, but has subjected the plaintiff to a shifting, subjective, unwritten standards designed to delay the application;

    F. The City fails to provide for a reasonable alternative location to allow the dissemination of protected speech;

    G. The City subjected the plaintiff's application for renewal to the unbridled discretion of City officials;

    H. The City justifies its actions based on a "finding" of "negative secondary effects" even though the plaintiff does not provide any on-site adult entertainment, and the City has not even a *scienter* of evidence of any negative secondary effect thus rendering the City's rationale as wholly arbitrary and capricious;

All of which, combining and concurring, violates plaintiff's substantive due process rights as the refusal to grant a business license constitutes an invalid exercise of the defendant's police powers and an abuse of power under the color of law.

31.     The City's refusal to renew the plaintiff's business license application while it enacted a series of Ordinances specifically tailored to bar the issuance of the plaintiff's business license are unlawful acts, on their face and as applied to the plaintiff, so unreasonable and repugnant to the Constitution as to impair the plaintiff's substantive due process rights as the proposed down zoning and other Ordinances tailored to the plaintiff destroy the plaintiff's reasonable investment back economic expectations, and the acts constitute an invalid exercise of the City of Columbia's police powers and an abuse of power under the color of law, for which the plaintiff is entitled to judgment against the defendant for actual and punitive damages in an amount found by the jury.

## DAMAGES

32.     As a direct and proximate result of the defendant's actions, the plaintiff cannot lawfully operate his business and will then be foreclosed forever as the plaintiff without judicial review and will have no ability to pay rent and maintain his lease and will be forced out of business by the City's actions and suffer an irreparable harm for which no adequate remedy at law exists.

33.     The plaintiff is entitled to an injunction, both temporarily and permanently, requiring the City to issue the plaintiff's 2014, business license and be enjoined from interference in the operation of the business.

34.     The plaintiff is entitled to a judgment against the City of Columbia for both actual and consequential damages in such amounts as shall be fixed by a jury.

35.     The plaintiff is entitled to an award of attorney's fees as provided for in Title 42, § 1988, U.S.C.A. for the prosecution of this action.

36.     The plaintiff is entitled to a declaratory judgment from the Court that the City's regulation of the plaintiff's adult business is invalid on its face and as applied to the plaintiff

because the City cannot identify any evidence of any secondary effect, and the City's ordinance scheme is not narrowly tailored to avoid the complete suppression of lawful adult speech and has the effect of suppressing all lawful adult speech in the City of Columbia and prevents any opportunity to disseminate a lawful adult message.

37.     The plaintiff is entitled to a declaratory judgment from the Court that the City's amortization scheme is invalid as an *ex post facto* law and for failure to provide for meaningful and prompt judicial review.

WHEREFORE, the plaintiff prays that this Court issue its Order:

a.  entering an injunction, both temporarily and permanently, requiring the City of Columbia to issue the 2014, and subsequent years' business license and to cease interfering in the operation of the plaintiff's businesses.

b.  for judgment against the defendant in such amount as found by a jury as to be the amount of the plaintiff's actual, incidental, consequential and punitive damages, in an amount to be proven before a jury at the trial of this case, for its violation of plaintiff's civil rights, due process and other rights arising under the United States and South Carolina Constitutions;

c.  entering an amount as to be determined by the Court as a reasonable sum as attorney's fees for the prosecution of this action;

d.  entering judgment enjoining the defendants both temporarily and permanently for arresting and prosecuting any employees or agents of the plaintiff arising out of the lawful operation of the plaintiff's businesses;

e. taxing the defendants with the costs of this action, including, but not limited to an award of a reasonable attorney's fees as provided for in Title 42, § 1988 U.S.C.A.;

f. declaring the City's ordinances regulating adult speech as invalid under the First, Fifth and Fourteenth Amendments to the Constitution and in violation of Article I, Section 3[9] of the Constitution;

g. requiring all issues of fact be tried by a jury; and

h. granting such other relief as this Court deems just and proper.

BELK, COBB, INFINGER, & GOLDSTEIN, P.A.

BY: /s/ Thomas R. Goldstein
Thomas R. Goldstein, Federal I.D. No.: 2132
Belk, Cobb, Infinger & Goldstein, P.A.
(2344 Cosgrove Avenue)
P.O. Box 71121
North Charleston, SC 29415-1121
(843) 554-4291
(833) 554-5566 (fax)
tgoldstein@cobblaw.net

December 17, 2013

VERFICATION

I have read the foregoing complaint, and the factual allegations are true and correct to the best of my knowledge. I have relied on the advice of counsel regarding assertions of law.

December 19, 2013

Jeff White, *manager*
Jeff White, Managing Member
Cricket Store 17, L.L.C.