IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cricket Store 17, LLC d/b/a Taboo, | Case No. 3:13-3557-TLW |
| PLAINTIFF | |
| v. | **Order** |
| City of Columbia, | |
| DEFENDANT | |

Before the Court are Taboo's Motion for Reconsideration, ECF No. 84, and Motion to Vacate Judgment, ECF No. 88. Regarding the motion for reconsideration, the City submitted a response in opposition. ECF No. 85. Regarding the motion to vacate judgment, the City submitted a response in opposition, ECF No. 89, and Taboo submitted a reply, ECF No. 92. These matters are now ripe for disposition.

## I.    Motion for Reconsideration

In Taboo's motion for reconsideration, it asks the Court to reconsider its order, ECF No. 82, granting the City's motion for summary judgment, ECF No. 25, and denying Taboo's motion for summary judgment, ECF No. 38.

A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted). "Rule 59(e) motions may not be used . . . to raise arguments which

could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Taboo raises multiple grounds for reconsideration in its motion, which the Court will address in some detail.

### A.      Discovery

The first ground asserted by Taboo is that the Court's grant of summary judgment was premature because additional discovery was needed. There is no merit to this ground. There was ample time for the parties to conduct discovery in this matter, abundant discovery was conducted, and, aside from Taboo's motion to compel, none of the discovery disputes referenced by Taboo were made ripe for the Court's disposition.

At the same time the City filed its summary judgment motion, the City, not Taboo, filed a motion to stay the entry of scheduling orders, and disclosure and conference requirements pending the Court's resolution of the summary judgment motion. ECF No. 26. As a result of the City's motion, the parties temporarily paused any discovery efforts, but then resumed their efforts after the Court did not immediately rule on the motion. *See* ECF No. 84-1 at 3 ("[B]oth sides refrained from discovery for a period of months, awaiting a decision from the Court on the City's request."). Absent an order granting the motion to stay, the parties would be expected to proceed with discovery, which they did. The Court's decision to wait to rule on the motion until the summary judgment motions were fully briefed and argued did not impede the parties from engaging in discovery as they saw fit during that time frame, which spanned nearly ten months.[1]  Again,

---

[1] The City filed its summary judgment motion on March 24, 2014, Taboo filed its summary judgment motion on May 27, 2014, and oral argument on those motions was held on January 22,

abundant discovery was conducted in this case.

More than three months after filing its own summary judgment motion, Taboo filed a letter requesting a status conference with the Court to discuss the "muddiness" of the discovery in the case and referencing some of its discovery intentions.[2]  ECF No. 55.  The Court did not schedule a status conference as matters were proceeding and no specific, concrete issue was before the Court that the parties were asking the Court to resolve.  The Court allowed the parties to continue their discovery efforts.  Each party had the opportunity, under the rules, to bring to the Court's attention via a properly-filed motion any specific discovery issues that needed resolution.  If filed, the Court would have ruled on any such motion.

Taboo eventually brought a specific discovery issue to the Court's attention in a motion to compel that was filed late in the proceedings, many months *after* both parties had filed their own summary judgment motions and *after* nearly all briefing on these motions was complete.  ECF No. 66.  This motion to compel was limited to Taboo's written discovery request for several months of electronic communications from the City Council.  *See* ECF No. 66-1 at 4.  The only summary judgment-related brief filed after the motion to compel—Taboo's sur-reply, ECF No. 68, regarding the City's motion for summary judgment—was filed by Taboo only four days after it filed its motion to compel.  Thus, there was no need for the Court to resolve the motion prior to ruling on the summary judgment motions.  In the summary judgment order, the Court denied the motion to compel as untimely and on the merits.  ECF No. 82 at 47–48.  If the Court had immediately ruled on the motion to compel, rather than waiting until the summary judgment order, the resolution of

---

2015.  ECF Nos. 25, 38, 81.

[2] Taboo mentioned that it wanted to depose the City's attorney and some or all of the council members, but Taboo never filed a motion to compel these depositions, nor did it notice these depositions.

the motion would have been the same and it would not have affected the Court's decision on the summary judgment motions.

Furthermore, Rule 56(d) provides a mechanism for a party to inform the Court that additional discovery is needed to respond to summary judgment, which Taboo did not utilize. Specifically, the party is to file an affidavit or declaration under penalty of perjury stating that, for specified reasons, the party cannot adequately respond to the summary judgment motion. Fed. R. Civ. P. 56(d). Taboo filed no such affidavit or declaration, and its motion for reconsideration on this ground is therefore barred. *See, e.g.*, *Tsai v. Md. Aviation*, 306 F. App'x 1, 5 (4th Cir. 2008) ("[I]f [the plaintiff's] attorney thought he needed additional discovery, he could have moved under Rule 56(f), which permits the court to order additional discovery where a party lacks sufficient facts to oppose a motion for summary judgment. He failed to make such a motion, and in doing so has waived any argument for additional discovery." (internal citation omitted)); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) ("We, like other reviewing courts, place great weight on the Rule 56(f) affidavit, believing that a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." (internal quotation omitted)); *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) ("Although [the plaintiff] cites numerous aspects of discovery that he believes were not properly completed at the time of the district court's decision on appeal, [the defendant] correctly points out that [the plaintiff] failed to file an affidavit with the district court specifying which aspects of discovery required more time to complete. As we have previously held, a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery

in an affidavit." (internal quotation omitted)).[3]

### B.    Mayor's email

Taboo next references a recently-uncovered email from the City's mayor in which he says he "hope[s] to push for a change in our 13 year old insufficient approach to zoning, but I also plan to oppose and fight the opening of THIS business," presumably referring to Taboo. ECF No. 84-1 at 18 n.5. As an initial matter, this email has been brought to the attention of the Court for the first time in this motion to reconsider, even though it was discoverable either through a properly-tailored discovery request or Freedom of Information Act request well before the Court's grant of summary judgment. Furthermore, as discussed in detail in the summary judgment order, courts will not strike down otherwise constitutional legislation based on alleged improper legislative motives or statements. ECF No. 82 at 9-11. That analysis applies here. No relief is warranted.

### C.    Evaluation of experts

Taboo also asserts that the Court improperly believed the testimony of the City's expert over Taboo's expert regarding site availability and that the Court did not give proper weight to Taboo's expert's view of the validity of the City's secondary effects evidence. Taboo is incorrect. The Court analyzed in detail the positions of Taboo's expert and the City's expert in the summary judgment order. No genuine dispute as to any material fact exists.

---

[3] These cases refer to Rule 56(f), which previously contained the affidavit or declaration requirement, but as a result of the 2010 amendments to the rules, that provision is now contained in Rule 56(d).

Regarding site availability, the City, through its expert, presented a list of sites that it concluded were available for a sexually oriented business to locate, and Taboo's expert presented reasons why he believed most (but not all) of these sites were unavailable. After considering the arguments presented by both experts, the Court concluded that there was no genuine dispute as to any material fact regarding any of these sites. *See id.* at 26–41. The dispute was about the constitutional implication of those facts, which is a legal question for the Court to resolve, not Taboo's expert. In light of the undisputed facts regarding each parcel, the Court concluded that there were forty-six sites within the City where a sexually oriented business could operate, a conclusion amply supported by the record. *Id.* at 42. The summary judgment order discusses each site in detail. Again, no genuine dispute as to any material fact exists in connection with the site availability analysis in that order. Numerous sites exist within the City where Taboo could relocate.

Regarding Taboo's expert's opinion of the City's secondary effects evidence, the Court noted that "[t]he issue of secondary effects evidence and its sufficiency under the relevant case law is a legal question beyond [Taboo's expert's] area of expertise," and cited several other courts that have given his opinions about legal matters limited or no consideration. *Id.* at 13–14. Simply put, the sufficiency of the secondary effects evidence is a legal question, not a land planning question, and legal questions are for the Court to resolve. The summary judgment order sets forth a detailed analysis in connection with the issue. Taboo's position is not persuasive.

### D.     Other grounds

Taboo has also asserted, in shotgun-fashion, various other ways in which it believes the Court erred in its summary judgment order, including that the Court improperly resolved a circuit

6

split, that the Court did not apply a "scalpel" analysis, and that the Court did not properly consider Taboo's argument that the City should have conducted its own local studies.[4]  The Court has reviewed Taboo's motion in detail and concludes that none of the other asserted grounds for relief are sufficient to cause the Court to alter or amend its prior order granting the City's motion for summary judgment and denying Taboo's motion for summary judgment.

## II.    Motion to Vacate Judgment

In Taboo's motion to vacate judgment, it asks the Court to vacate its grant of summary judgment to the City based on a recently-enacted revision to one of the ordinances at issue. Specifically, the prior version of the subsection at issue read as follows:

> The Administrator shall issue a license unless: . . . (3) The sexually oriented business, as defined herein, is not in compliance with the interior configuration requirements of this Article or is not in compliance with locational requirements of this Article or the requirements of any other part of the City of Columbia Code.

Columbia, S.C., Code § 11-605(a)(3) (enacted Dec. 29, 2011).  That subsection, now renumbered at § 11-735(a)(3), has been revised to provide as follows:

> The Administrator shall issue a license unless: . . . (3) The sexually oriented business, as defined herein, is not in compliance with the interior configuration requirements of this Article or is not in compliance with locational requirements of this Article or the <u>locational</u> requirements of any other part of the City of Columbia Code.

Columbia, S.C., Code § 11-735(a)(3) (enacted May 19, 2015) (addition underlined).  The issue of the amended ordinance was brought to the Court's attention via the City's "letter notice," ECF No. 87, as the motion to reconsider discussed above had been filed and was pending before the Court

---

[4] The City has addressed each of the assertions in some detail.  *See* ECF No. 85.

at the time.

Taboo asserts that this amendment is an admission by the City that its sexually oriented business ordinance was not narrowly tailored, that the City's defense of its ordinance was a misrepresentation to Taboo and the Court, and that it "sweeps aside the City's defense of narrow tailoring of the original ordinance," ECF No. 88-1 at 14, requiring the Court to vacate its judgment and, in effect, start this case over from square one, as "the City now concedes that the ordinances under review were not narrowly tailored," *id.* at 18. The City disagrees with this characterization. ECF No. 89. The Court is also not convinced. Taboo's position has no merit.

Rule 60(b) allows a court to relieve a party from a final judgment based on newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(2), (3), (6).[5] A party seeking relief based on newly discovered evidence must show that "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that it is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citation omitted). A party seeking relief based on fraud must demonstrate the fraud by clear and convincing evidence and must demonstrate that this misconduct prevented the party from fully and fairly presenting its claim or defense. *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). Finally, a party seeking relief for "any other reason that justifies relief" must show "extraordinary circumstances" to justify reopening a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535

---

[5] There are other grounds for relief under Rule 60(b), but these are the grounds asserted by Taboo. ECF No. 88 at 2 n.1.

(2005).

Under the prior version of the ordinance, it is arguable that the City could have denied an adult business a sexually oriented business license because it was not in compliance with, for example, a particular provision of the City's fire code. The revised ordinance clarifies that in order to obtain a sexually oriented business license, an adult business must be in compliance with the interior configuration and locational requirements of the sexually oriented business ordinance, as well as any other *locational* requirements found elsewhere in the code. No longer can an adult business arguably be denied a sexually oriented business license because it did not comply with the fire code; any such violation would have to be addressed through those specific provisions. *See* City Council Minutes of May 5, 2015 Meeting, ECF No. 88-2 at 3 ("All other provisions of the City Code (e.g., building code, fire code, etc.) will be enforced through the simpler methods prescribed by those provisions, rather than through the sexually oriented business licensing ordinance.").

As an initial matter, Taboo does not have standing to challenge the former subsection. In order to have Article III standing, a party "must have suffered some actual injury that can be redressed by a favorable judicial decision." *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). Even for a facial challenge under the First Amendment, "a plaintiff must establish that he has standing to challenge each provision of an ordinance by showing that he was injured by application of those provisions." *Covenant Media of S.C., LLC v. City of N. Charleston*, 493 F.3d 421, 430 (4th Cir. 2007). Taboo has suffered no such injury, as it was granted a sexually oriented business license in 2012 and 2013 under the two-year amortization period set forth in the ordinance, and it has continued to operate during this litigation throughout 2014 and 2015 and now into 2016. Taboo has never been denied a license under this provision. Accordingly, Taboo lacks

standing to challenge it.

Furthermore, even if Taboo did have standing, the matter is moot as the ordinance has now been arguably narrowed to the benefit of Taboo and any other adult business seeking to be licensed in the City. Amending a challenged ordinance does not automatically moot the case, as jurisdiction may be appropriate "if a party can demonstrate that the apparent absence of a live dispute is merely a temporary abeyance of a harm that is capable of repetition, yet evading review." *Chapin Furniture Outlet, Inc. v. Town of Chapin*, 252 F. App'x 566, 570–71 (4th Cir. 2007) (internal citations omitted). However, reenactment of the challenged ordinance must appear probable, not merely possible. *Id.* The City asserts that the former version of the ordinance will not be reenacted, ECF No. 89 at 8, and Taboo provides no reason for the Court to conclude otherwise, aside from general assertions that "the City is highly motivated to do whatever is necessary to prevent [Taboo's] dissemination of a lawful adult message," ECF No. 92 at 7. These assertions are insufficient to carry the burden of demonstrating that reenactment is probable. Accordingly, the Court concludes that any issue regarding the former § 11-605(a)(3) is moot and no relief is warranted.

Additionally, contrary to Taboo's assertions, any issue regarding this particular provision has been waived because it was not directly raised at any time prior to Taboo's motion for reconsideration discussed above. Taboo's briefs occasionally asserted that the ordinance was overbroad because, Taboo claimed, it relied on discretionary decisions from City officials. However, Taboo never directed the City's or the Court's attention to that particular provision. Accordingly, any challenge to that provision has been waived. *See Pac. Ins.*, 148 F.3d at 403; *cf.* ECF No. 82 at 14 n.3 (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) for the proposition that a court does not have a duty to scour the record in search of genuine

issues of material fact).[6]

## III.    Conclusion

This case has now been pending before this Court for over two years, during which time the parties have spent significant time and effort generating abundant discovery evidence, and extensively briefing and arguing their respective positions.  Two lengthy hearings were held in this case—one on the preliminary injunction motion filed by Taboo and one on the motions for summary judgment.  The Court carefully considered the parties' discovery, briefing, and arguments, culminating in a fifty-page summary judgment order discussing this case in detail, both as to the evidence presented and the applicable law.  The Court has also carefully considered Taboo's Rule 59 and Rule 60(b) motions challenging the entry of judgment, but for the reasons set forth above, the Court concludes that Taboo has not set forth a sufficient basis to reconsider or vacate the judgment.  Accordingly, Taboo's motion for reconsideration, ECF No. 84, and motion to vacate judgment, ECF No. 88, are **DENIED**.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_

Terry L. Wooten
Chief United States District Judge

January 7, 2016
Columbia, South Carolina

---

[6]  Additionally, this entire discussion has been based on a premise that there was something constitutionally infirm about the prior ordinance.  However, Taboo has not cited any persuasive authority for the proposition that it would be a constitutional violation for a government entity to deny a sexually oriented business license to an adult business based on the business's failure to comply with another generally-applicable ordinance.